IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WHITE, #145 017, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
|    v. | ) CIVIL ACTION NO.: 1:12-CV-175-WHA |
| | )                [WO] |
| WARDEN GARY HETZEL, *et al.*, | ) |
| | ) |
|    Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner James White is currently confined at the Easterling Correctional Facility in Clio, Alabama. Petitioner seeks to challenge a conviction for sodomy entered against him by the Circuit Court for Houston County, Alabama, in August 1986. Petitioner is serving a life sentence for that conviction.

**I. DISCUSSION**

A review of this court's records indicates that Petitioner filed a previous habeas corpus petition under 28 U.S.C. § 2254 challenging his 1986 sodomy conviction. The instant petition represents Petitioner's fourth attempt at challenging the merits of his 1986 conviction. Petitioner's most recent federal habeas petition, filed on April 19, 2009, was denied and dismissed as successive on June 22, 2009. *See White v. Boyd*, *et al.*, Civil Action No. 1:09-CV-370-TMH (M.D. Ala. 2009); *see also White v. Thomas*, *et al.*, Civil Action No. 1:04-CV-105-WHA (M.D. Ala. 2004); *White v. Thompson, et al.*, Civil Action No. 1:91-233-MHT (M.D. Ala.1993) (denying habeas petition on merits and dismissing case with

prejudice).

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and ©.

It is clear from the pleadings filed by Petitioner that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Petitioner] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on February 19, 2012 [1] be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **March 16, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en*

---

[1] The petition currently under consideration by the court was signed by Petitioner on February 19, 2012. (*See Doc. No. 1*.) The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [White] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers February 19, 2012 as the date of filing.

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE