IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WHITE, #145017, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12cv175-WHA |
| | ) |
| WARDEN GARY HETZEL, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER AND OPINION**

On March 2, 2012, the Magistrate Judge filed a Recommendation in this case to which no timely objections have been filed. (Doc. # 4). Upon an independent review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge, it is

ORDERED and ADJUDGED that the Recommendation of the Magistrate Judge be and is hereby ADOPTED and that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by petitioner on February 19, 2012[1] is DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as petitioner has failed to obtain the requisite order from the Eleventh

---

[1] The petition currently under consideration by the court was signed by Petitioner on February 19, 2012. (*See Doc. No. 1.*) The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [White] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers February 19, 2012 as the date of filing.

Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

    Done this the 27th day of March, 2012.


                              /s/ W. Harold Albritton
                              SENIOR UNITED STATES DISTRICT JUDGE